**Richard E. OLSEN, Plaintiff,**

**v.**

**UNITED STATES of America, Defendants.**

**No. CIV.A.03–11199–RCL.**

United States District Court, D. Massachusetts.

June 16, 2004.

Timothy J. Burke, Burke & Associates, Braintree, MA, for Plaintiff.

Barbara Healy Smith, United States Attorney's Office, Boston, MA, Lydia D. Bottome, U.S. Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO AFFIRM AND DISMISS

LINDSAY, District Judge.

### I. Introduction

Invoking due process rights guaranteed under a section of the Restructuring and Reform Act of 1998, 26 U.S.C. § 6330, the plaintiff, Richard E. Olsen ("Olsen" or the "plaintiff"), seeks judicial review of a decision of an appeals officer of the Internal Revenue Service ("IRS"). The decision, which allowed a levy on the plaintiff's property to secure the satisfaction of unpaid taxes, was made after the plaintiff requested and received a hearing to challenge the proposed enforcement action.

The United States, as the defendant in this action, argues that the appeals officer acted properly in rejecting the plaintiff's appeal, and on that basis moves to affirm the officer's decision and dismiss the plaintiff's complaint. This memorandum and order addresses the defendant's motion [1].

### II. Facts

On March 14, 2001, the IRS gave Olsen final notice of its intent to levy on his assets. See United States' Motion To Affirm Appeals Officer's Determination And Dismiss The Complaint ("Defendant's Motion"), Ex. A. The notice was given in accordance with section 6330 of the Internal Revenue Code, see 26 U.S.C. § 6330(a), and indicated that Olsen owed nearly $105,000 in unpaid taxes. See Defendant's Motion, Ex. A. Section 6330 allows a taxpayer to challenge a proposed tax enforcement action within thirty days of receiving the final notice, see 26 U.S.C. § 6330(b). Thus, on March 22, 2001, Olsen filed a formal "Request for a Collection Due Process Hearing." See Defendant's Motion, Ex. B. The plaintiff stated in his request that he was appealing the proposed tax levy "to object to the Service's actions in attempting to undertake collections [sic] actions when an Offer in Compromise is the more effective and efficient means of collecting past due taxes." Id. Olsen did not submit an offer in compromise at that time.

The IRS appeals officer originally assigned to Olsen's case began the review of Olsen's file on April 25, 2001. See Defendant's Motion, Ex. E. At that time, the appeals officer noted in the "Case Activity Records" for Olsen's appeal that "the taxpayer's [sic] are not in filing compliance,

1. In addition to opposing the defendant's motion to affirm and to dismiss, the plaintiff has filed his own motion to remand this case for further consideration by the appeals officer. Since the plaintiff's motion for remand raises the same issues as the defendant's motion, this memorandum and order will dispose of both motions.

yet the [taxpayer] wants to make an [Offer in Compromise]." *Id.* The appeals officer further noted that, since Olsen had made a timely request for a collection due process hearing, Olsen would have "an opportunity to file [the missing] returns by the appointment date." *Id.* Olsen's case remained inactive for nearly a year thereafter.

On March 12, 2002, the original appeals officer sent Olsen's attorney, Timothy J. Burke ("Burke"), a letter notifying him that Olsen's hearing had been scheduled for March 26, 2002. *See* Defendant's Motion, Ex. C. In the letter, the appeals officer informed Burke that, at the hearing, Olsen could "present facts, arguments, and legal authority to support [his] position." *Id.* The letter also included a list of "items" that Olsen would have to submit if he wanted the hearing officer to "consider collection alternatives such as an offer in compromise, an installment agreement, etc. in your hearing . . . ." *Id.* These "items" included a "completed Collection Information Statement (Form 433–A for individuals and/or Form 433–B for businesses)," income tax returns for the years 1996–2000, and proof of estimated tax payments for 2001. *See id.* It is unclear from the record whether the hearing took place on the scheduled date.

On July 26, 2002, Burke filed a formal offer in compromise with the IRS on Olsen's behalf. *See* Defendant's Motion, Ex. B. In the offer in compromise, Olsen proposed payment of $5000 to settle his income tax liability for the years 1996–2000. *See id.* Olsen stated that the basis for the offer in compromise was doubt as to the ability of the IRS to collect the full amount of the taxes owed, because among other things, his "financial history for the past ten years shows a pattern of financial reverses which is broken by an occasional year of success." *Id.* With the offer in

compromise, Olsen included a "Collection Information Statement for Wage Earners and Self–Employed Individuals" (i.e. IRS Form 433–A), and copies of his income tax returns for the applicable years. *See id.* The IRS received the offer in compromise and subsequently asked Burke to send income tax returns with original, rather than photocopied, signatures. *See* Defendant's Motion, Ex. E.

On November 7, 2002, Olsen's appeal was transferred to a new appeals officer. *See id.* On that date, the new appeals officer reviewed the plaintiff's case history. *See id.* Olsen's case file indicated that he owned two cars which were unencumbered by liens and that he leased a third automobile. *See id.* In the "Case Activity Records" for Olsen's appeal, the appeals officer noted that Olsen had submitted an offer in compromise in connection with his appeal, but that he had yet to send his original income tax returns for the years 1996–2000. *See id.* Responding to this and other deficiencies in Olsen's offer in compromise, the appeals officer sent Burke a letter on November 13, 2002, informing him of the outstanding problems with Olsen's offer in compromise. *See* Defendant's Motion, Ex. C. The letter gave instructions as to how those problems could be resolved so that the offer could be processed. *See id.* The appeals officer also requested the submission of certain financial information and included a blank Collection Information Statement for Businesses (i.e. IRS Form 433–B) for Olsen to fill out and return. *See id.*

On December 31, 2002, Burke mailed to the appeals officer Olsen's original income tax returns for the years 1996–2000. *See* Defendant's Motion, Ex. E. Olsen's offer in compromise was consequently processed by the IRS and became ripe for consideration. *See id.* Burke, however, failed to return IRS Form 433–B to the appeals

officer at the time he forwarded to her Olsen's original tax returns. Because the appeals officer required the financial information sought in IRS Form 133–B to evaluate the plaintiff's offer in compromise, she requested this information by letters to Burke dated January 27, 2003, and April 8, 2003. *See* Defendant's Motion, Ex. C. In both of these letters, the appeals officer identified with specificity the forms she needed, and stated that the information was necessary for her to complete her analysis of Olsen's offer. *See id.* In the letter dated April 8, 2003, the appeals officer warned that "[i]f the information requested is not provided . . . my determination may be made with the information currently available." *Id.* Despite the appeals officer's entreaties, neither Burke nor Olsen ever provided the appeals officer with the requested information. *See* Defendant's Motion, Ex. E.

On May 29, 2003, the appeals officer denied Olsen's appeal and sustained the proposed collection action. *See* Defendant's Motion, Ex. F. In the notice accompanying her determination, the appeals officer stated that the offer in compromise could not be accepted because Olsen had failed to send the requested business and financial statements for his venture capital businesses. *See id.* The appeals officer concluded that the proposed collection action was "now necessary to provide for the efficient collection of the taxes, despite the potential intrusiveness of enforced collection." *Id.* Less than a month later, Olsen filed a complaint with this court challenging the appeals officer's determination. *See* Complaint.

### III. Discussion

#### A. Standard of Review

■ The Restructuring and Reform Act of 1998 created collection due process hearings and entitles taxpayers to judicial review of the determinations made at those hearings. *See* 26 U.S.C. § 6330. Unfortunately, the statute is silent as to the appropriate standard for reviewing such determinations. Moreover, because the law was only recently enacted, the issue of the applicable standard of review has not yet been decided by the First Circuit. The legislative history accompanying the statute, however, indicates that where, as here, the appellant's underlying tax liability is not at issue, "the appeals officer's determination as to the appropriateness of the collection activity will be reviewed using an abuse of discretion standard of review." H. Rep. No. 105–599 at 266 (1998).

Citing this language in the House Conference Report, other courts have evaluated decisions by appeals officers at collection due process hearings under the abuse of discretion standard. *See, e.g., Dudley's Commercial and Industrial Coating, Inc. v. United States*, 292 F.Supp.2d 976, 985 (M.D.Tenn.2003); *Kitchen Cabinets, Inc. v. United States*, 2001 WL 237384 *2 (N.D.Tex.2001); *TTK Management v. United States*, 2000 WL 33122706 *1–2 (C.D.Cal.2000). The abuse of discretion standard employed by these courts is not only supported by the legislative history, it is also consistent with the standard articulated in other statutes providing for judicial review of administrative decisions. *See MRCA Information Services v. United States*, 145 F.Supp.2d 194, 199 n. 8 (citing the abuse of discretion standard adopted by Congress in the Administrative Procedure Act, 5 U.S.C. § 706(2)). For these reasons, I will apply the abuse of discretion standard in reviewing the appeals officer's determination in this case.

#### B. Analysis

Section 6330(c) of the Restructuring and Reform Act sets forth the issues an appeals officer must consider at a collection

due process hearing. *See* 26 U.S.C. § 6330(c). Specifically, the statute requires the appeals officer to consider: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues raised by the appellant relating to the unpaid tax, including offers of collection alternatives such as offers in compromise; and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that the collection action be no more intrusive than necessary. *See id.*

In his complaint, the plaintiff asserts that the appeals officer abused her discretion by failing adequately to consider the offer in compromise the plaintiff submitted during the pendency of his appeal. The plaintiff specifically complains that the appeals officer's "failure to communicate with [the plaintiff concerning] the [defendant's] view of the terms of an acceptable Offer establishes that the hearing required under law was not properly concluded." Complaint ¶ 23. In support of this position, the plaintiff points to Treasury regulations regarding the consideration and negotiation of offers in compromise. *See, e.g.,* 26 C.F.R. § 301.7122–1.[2] The plaintiff contends that these regulations required the appeals officer to respond affirmatively to the plaintiff's offer, and that her failure actively to negotiate with the plaintiff constituted an abuse of her discretion.

In light of the plaintiff's claim, it is important, before turning to the administrative record, that I identify with precision *which* decision of the appeals officer is subject to judicial review. 26 U.S.C. § 6330(d) provides for judicial review of an administrative appellate decision to sustain a proposed collection action. It does not impose on the appeals officer, however, any obligations concerning the negotiation of offers in compromise, or provide for judicial oversight of those negotiations. The acceptance or rejection of such offers is governed by a different statute, which sets forth the standards and procedures for evaluating offers in compromise. *See* 26 U.S.C. § 7122. Under that statute, a taxpayer challenging the rejection of an offer in compromise is entitled to administrative, but not judicial review. *See* 26 U.S.C. § 7122(d). Thus, whether the appeals officer observed relevant Treasury regulations in negotiating an offer in compromise with the plaintiff is an issue that falls outside the scope of judicial review under § 6330.[3]

Under § 6330, the scope of my review is limited to whether the appeals officer abused her discretion when, after holding a collection due process hearing, she upheld the proposed enforcement action. Section 6330(c)(2)(a)(iii) allows a taxpayer to raise at that hearing any offers of collection alternatives, including offers in compromise. Here, the plaintiff took advantage of that opportunity, and submitted

---

**2.** The plaintiff also contends that the appeals officer, in rejecting the offer in compromise, did not follow applicable guidelines set forth in the *Internal Revenue Manual. See Internal Revenue Manual* § 5.8.1.1. Courts have held, however, that "[t]he *Internal Revenue Manual* confers no rights on taxpayers," and that "[t]he procedures contained therein are intended only to aid in the internal administration of the IRS." *Chavez v. United States,* 2004 WL 1124914 *4 (W.D.Tex. May 18, 2004) (citing *In re Carlson,* 126 F.3d 915, 922 (7th Cir.1997)); *see also U.S. v. Horne,* 714 F.2d 206, 207 (1st Cir.1983).

**3.** Tellingly, the specific federal regulation which the plaintiff claims the appeals officer violated was promulgated by the Secretary of the Treasury pursuant to authority conferred by section 7122, not section 6330. *See* 26 C.F.R. § 301.7122–1; *see also Chavez,* 2004 WL 1124914 *3.

an offer in compromise to the appeals officer. My task therefore is limited to determining whether the appeals officer adequately considered the offer in compromise that the plaintiff had on the table when his appeal was denied.

Based on all of the record evidence, I conclude that the appeals officer did not abuse her discretion when she upheld the proposed enforcement action. The administrative record establishes that the plaintiff, in challenging the collection action, did not contest that he owed nearly $105,000 in unpaid taxes. The plaintiff's offer, however, was to pay only $5000 in exchange for the full exoneration of his tax liability. Despite the paltry size of the plaintiff's offer in comparison to his liability, it appears from the administrative record that the appeals officer took several steps to assist the plaintiff in perfecting his offer for processing. She communicated with the plaintiff's attorney on multiple occasions to inform him of deficiencies in the plaintiff's offer in compromise, and to request information necessary for consideration of the offer.

While the plaintiff cured the deficiencies that prevented his offer from being processed, he did not provide all of the requested financial information necessary for consideration of the offer in compromise. Of particular importance, the plaintiff did not provide collection information statements for his business ventures. As a consequence of the plaintiff's failure to provide the requested information, the appeals officer found that there was insufficient information to evaluate the plaintiff's offer in compromise and concluded that the offer could not be accepted. Given the affirmative steps taken by the appeals officer to obtain the financial information necessary to evaluate the offer, I conclude that this determination was not an abuse of discretion.

Because the plaintiff did not contest his underlying tax liability, the only other issue for the appeals officer to consider in evaluating the plaintiff's appeal was "whether [the] proposed collection action balance[d] the need for the efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3)(C). Here, the plaintiff has presented no evidence that the appeals officer abused her discretion when she decided that the collection action proposed by the IRS appropriately balanced these competing concerns. In the case activity record maintained in connection with the plaintiff's appeal, the appeals officer identified particular property of the plaintiff, including three motor vehicles, on which a federal tax lien could be placed to secure the satisfaction of his unpaid taxes. This review of the plaintiff's financial circumstances and case history establishes that the appeals officer did not arbitrarily or capriciously sustain the proposed enforcement action without considering the plaintiff's legitimate interest in minimally intrusive tax collection. I therefore conclude that the appeals officer did not abuse her discretion when she denied the plaintiff's appeal and upheld the proposed tax enforcement action.

For these reasons, the defendant's motion to affirm the appeals officer's determination is GRANTED, and the plaintiff's complaint is DISMISSED.

So ordered.

### JUDGMENT OF DISMISSAL

In accordance with the Court's Order of *June 16, 2004* allowing the motion to affirm and dismiss of the defendant *United States of America,* Judgment is hereby entered as follows: *Judgment for the de-*

*fendant United States of America* dismissing this action.