ALLGLASS SYSTEMS, INC., et al., Plaintiffs,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant.

No. Civ.A. 03–4772.

United States District Court, E.D. Pennsylvania.

Aug. 17, 2004.

Bruce Bellingham, Daniel J. Dugan, Spector, Gadon & Rosen, PC, Philadelphia, PA, for Plaintiffs.

Jill R. Ortelt, U.S. Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM

ROBRENO, District Judge.

Plaintiffs, AllGlass Systems, Inc., East Coast Fabricators, LLC, and ASI Southeast, LLC (collectively "taxpayers") filed this action, seeking review of the Internal Review Service's ("IRS") issuance of three Notices of Determination Concerning Collection Action under Internal Revenue Code ("IRC") Sections 6320 and/or 6330. There is no dispute as to taxpayers' liability to the IRS for employment taxes not paid in 2000 and 2001. Taxpayers allege that the IRS issued Notices of Levy without properly providing a Collection Due Process ("CDP") hearing as required under 26 U.S.C. § 6330(b). In ad-

dition, taxpayers allege that, assuming that the communications between the IRS and taxpayers satisfied the requirements under 26 U.S.C. § 6330(b), the IRS abused its discretion under 26 U.S.C. § 6330(c)(2)(iii) by failing to consider taxpayers' offers-in-compromise, as collection alternatives, on their merits.

Before the Court are the IRS's motion for summary judgment pursuant to Fed. R.Civ.P. 56 and taxpayers' cross-motion for summary judgment. The issues are whether the taxpayers were afforded a fair hearing on their appeal of the IRS's determination to levy certain property and if so, whether the IRS abused its discretion by issuing Notices of Levy because taxpayers' failed to submit requested tax documents by the designated deadline.[1]

The facts are largely undisputed and, if disputed, they are viewed in the light most favorable to taxpayers.

## I. FACTUAL BACKGROUND

At issue here are the efforts by the IRS to collect certain employment taxes owed by taxpayers for the tax years 2000 and 2001. Taxpayers do not dispute liability for the amounts due. In March 2002, taxpayers filed offers-in-compromise seeking to compromise their liabilities. On October 28, 2002, the IRS rejected taxpayers' first offers-in-compromise on the ground that the taxpayers were tardy with making their current tax payments.[2] Consequent-

ly, on October 28, 2002 (AllGlass Systems) and November 11, 2002 (East Coast Fabricators and ASI Southeast), the taxpayers were sent notices of intent to levy against property pursuant to 26 U.S.C. § 6330(a). At the same time, taxpayers were notified of their right to a CDP hearing under 26 U.S.C. § 6330(b).

On November 22, 2002, taxpayers timely requested a CDP hearing. Initially, ASI's request was assigned to Officer Lee and East Coast Fabricator's and AllGlass System's requests were assigned to Officer Stanton. ASI's request was later transferred to Officer Stanton as well.

In February 2003, taxpayers made a second set of offers-in-compromise to the IRS. Counsel for the taxpayers and Officer Stanton had several telephonic discussions concerning the offers-in-compromise. During one such discussion on June 9, 2003, Officer Stanton requested personal financial statement for the taxpayers' principal, Rein Clabbers, to be submitted to her within fifteen days. Taxpayers' counsel expressed his inability to meet the deadline. After the June 9, 2003 discussion, Officer Stanton memorialized the conversation, including the request deadline, in a letter to taxpayers' counsel. The letter reiterated that the deadline for submission of the principal's financial statement was June 26, 2003. Taxpayers' counsel did not respond to Officer Stanton's letter.

---

**1.** To the extent that taxpayers argue for an injunction of the IRS from sustaining the levy action against taxpayers without "due consideration on the merits of plaintiffs' offers-in-compromise," the issue is moot. 26 U.S.C. § 6330(e)(1) provides that upon the filing of an action for judicial review, the collection activity is suspended.

**2.** An offer-in-compromise is not processible if all tax returns for which the taxpayer is required to file have not been filed in a timely manner. 2 Administration, Internal Revenue Manual (CCH), sec. 5.8.3.2.1(1)(a), at 16,281

(November 30, 2001). The Internal Revenue Manual specifies: "In-business taxpayers must have timely filed and timely deposited all employment taxes for two quarters proceeding the offer submission. They must have also timely paid all federal tax deposits due in the quarter in which the offer is submitted." *Id.* The Tax Court has also ruled that the Commissioner's decision not to process an offer-in-compromise from taxpayers who have not filed all required tax returns is not an abuse of discretion. *TTK Mgmt. v. United States,* 2000 WL 33122706 (C.D.Cal. 2000).

Six weeks later, on July 21, 2003, failing to receive the requested tax forms from taxpayers, Officer Stanton upheld the determination to levy taxpayers' property and issued three Notices of Determination Concerning Collection Actions Under IRC Section 6320 and/or 6330. On August 19, 2003 taxpayers filed this suit seeking review of the determination made by Officer Stanton. Taxpayers forwarded the requested tax information to the IRS on August 26, 2003, after this matter had commenced.

## II. DISCUSSION

### A. *Standards of Review*

#### 1. *Procedural Posture*

While the issues presented before the Court are framed as summary judgment issues, a number of courts have noted that the Rule 56 paradigm is not properly suited to accommodate the procedural posture of judicial review of administrative agency decisions in general. *See STA Printing Co. v. Internal Revenue Service*, No. Civ. A. 02–7133, 2004 WL 257393, (E.D.Pa. Feb. 11, 2004) (Surrick, J.) (*citing Lodge Tower Condo. Ass'n v. Lodge Props., Inc.*, 880 F.Supp. 1370, 1374 (D.Colo.1995) ("[a] motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure ... makes no procedural sense when a district court is asked to undertake judicial review of agency action") (other citations omitted)).

More appropriately, perhaps, is to proceed by way of judgment on the pleadings. In any event, in this case, whether framed as a motion for summary judgment or for judgment on the pleadings, the ultimate question is the same. Based on undisputed facts, is the IRS entitled to judgment as a matter of law?

#### 2. *Appeal Officer's Determination*

##### i. *Jurisdiction*

■ The Court has jurisdiction over this matter as provided for by Section 6330(d)(1)(B) of Title 26 of the United States Code. Section 6330(d)(1)(B), in pertinent part, provides that, "[t]he person may, within 30 days of a determination under this section, appeal such determination ... if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States." 26 U.S.C. § 6330(d)(1)(B). Under this section, district courts have jurisdiction over matters where the taxpayer is challenging the "procedure used for collection" and is not challenging the amount of liability or the correctness of the assessment, where the U.S. Tax Court would have exclusive jurisdiction. *STA Printing Co.*, 2004 WL 257393, at *2, 2004 U.S. Dist. LEXIS 2126, at *7. Thus, this Court has jurisdiction over this matter because taxpayers are challenging the "procedure used for collection" and do not dispute the underlying tax liability.

##### ii. *Abuse of Discretion*

■ Although Section 6330(d)(1)(B) of Title 26 provides for judicial review, it does not specify the standard of review to be applied by the courts. Although no courts of appeals have spoken on the issue, all district courts which have construed this section of the Internal Revenue Code, have concluded that abuse of discretion is the proper standard. *See e.g. STA Printing Co.*, 2004 WL 257393, at *2, 2004 U.S. Dist. LEXIS 2126, at *7–8; *Tilley v. United States*, No. Civ. A. 03–4579, 2004 WL 1157416, 2004 U.S. Dist. LEXIS 7792 (E.D.Pa. April 4, 2004) (Rufe, J.); *Christian v. Comm'r of IRS*, No. Civ. A. 02–9120, 2003 WL 21499013, 2003 U.S. Dist. LEXIS 11289 (E.D.Pa. Jun. 5, 2003) (O'Neill, Jr., J.). The Court agrees and will apply the abuse of discretion standard

in reviewing Officer Stanton's decision to issue the Notices of Levy.

Under the abuse of discretion standard of review of the decision of an administrative agency, the Court "must consider whether the decision was based on consideration of the relevant factors and whether there has been a clear error of judgment.... Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), *overruled on other grounds by, Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *See also Motor Vehicle Manufacturers Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983).

### B. *Taxpayers were given a "fair hearing" under 26 U.S.C. § 6330(b).*

Taxpayers alleges that a CDP hearing was not properly provided to them as required by 26 U.S.C. § 6330(b). Although 26 U.S.C. § 6330(b) provides for a taxpayer's right to a CDP hearing, it lends no guidance as to the format or procedures that must be followed in conducting a CDP hearing.

In interpreting the language of 26 U.S.C. § 6330(b), the Tax Court has identified certain elements, which at a minimum, must be present to satisfy the requirements of 26 U.S.C. § 6330(b): (1) an impartial officer will conduct the hearing; (2) certain issues may be heard such as an offer-in-compromise; (3) the conducting officer will receive verification from the Secretary that the requirements of applicable law and administrative procedure have been met; and (4) a challenge to the underlying tax liability may be raised only if the taxpayer did not receive a statutory notice of deficiency or receive an opportunity to dispute such liability." *Day v. Commissioner of Internal Revenue*, T.C. Memo 2004–30, at 5, 2004 WL 213726 (U.S. Tax Ct. 2004); *(citing* 26 U.S.C. § 6330(b) and (c); *Vossbrinck v. Comm'r*, T.C. Memo 2002–96, 2002 WL 531146 (U.S. Tax Ct. 2002)). These elements are consistent with ordinary notions of due process and, in the absence of evidence to the contrary suggesting some other unfairness, they will guide the Court's determination of whether the taxpayers were afforded a "fair hearing" in this case.

In regards to the first element, it is undisputed that Officer Stanton is an impartial officer who had no involvement in the matter prior to the taxpayers' current appeal. *See* Defendant's Motion for Summary Judgment, Declaration of Paula Stanton at 3; *See Day*, T.C. Memo 2004–30, at 6, 2004 WL 213726 (where the court held "that an Appeal officer is impartial if he or she "did not participate in, and was not involved in, any previous Appeals Office hearing" concerning the taxpayer's tax ...").

Next, the second element has been met because the correspondences and conversations between Officer Stanton and taxpayers' counsel included discussions relating to taxpayers' offers-in-compromises and issues and procedures relating to the appeal and CDP hearing itself. *See* Declaration of Paula Stanton pg. 4–5. These communications satisfy the element that Officer Stanton considered the information offered by the taxpayer.

The recent case of *Stewart v. Commissioner of Internal Revenue Service*, 2004 WL 838045, 2004 U.S. Dist. LEXIS 6413 (W.D.Pa. Mar. 1, 2004) (Lancaster, J.), is on point. *Stewart* involved two disputed claims against taxpayer for different tax periods. Taxpayer claimed that he had been denied a CDP hearing on both claims. The officer on one claim talked to

the taxpayer on the phone one day prior to the officially designated CDP hearing date and did not advise the taxpayer that the phone call constituted the CDP hearing. The second officer had an "informal meeting" with the taxpayer and specifically stated to the taxpayer that "this was an informal meeting and was not the due process hearing." Despite the lack of specific advice to taxpayer that the communications were part and parcel of the CDP Hearing process, the *Stewart* court found that although the officers "did not hold a formal, properly designed 'hearing' in the traditional sense, their reviews of the file and interactions with [taxpayer] complied with the low standard imposed by the applicable regulations.... In both situations, [plaintiff] had notice of the issue, was informed of the IRS' position, and was given a full opportunity to be heard." *Stewart*, 2004 WL 838045, *2, 2004 U.S. Dist. LEXIS 6413, at *7–8.

Similarly, in this case, taxpayers had notice of the issues and were given the opportunity to discuss matters relating to their offers-in-compromise during various telephonic discussions between Officer Stanton and taxpayers' counsel.[3] Moreover, Officer Stanton also discussed with taxpayers the IRS's position and provided taxpayers with the opportunity to submit financial statements, which were necessary for the review of their offers-in-compromise. Under these facts, the Court has no difficulty in concluding that Officer Stanton discussed the issues with taxpayers and considered all of taxpayers' offers.

Taxpayers argue that the IRS has failed to establish that the June 9, 2003 telephone conversation was, in fact, a CDP hearing. This argument imposes upon the IRS a burden not contemplated under 26 U.S.C. § 6330(b). To the contrary, there is no burden on the IRS to show that a single meeting or telephone call constitutes the CDP hearing but instead, a series of communications, such as the June 9th telephone conversation, can collectively satisfy the CDP hearing requirement. *See Loofbourrow v. Comm'r*, 208 F.Supp.2d 698, 707 (S.D.Tex.2002) (where the court found that numerous written communications between taxpayer and appeals officer are sufficient for the purposes of fulfilling the CDP hearing requirement); *TTK Mgmt. v. U.S.*, 2001–01 U.S. Tax Ct. 185 (C.D.Cal. 2000) (where the court held that communications between the parties from the time a request for hearing was submitted to the issuance of the notice of determination are part of the CDP hearing).

Similarly, without merit is the argument that the lack of specific notice that the communications between counsel and Officer Stanton constituted the CDP hearing deprived taxpayers' the fair opportunity to discuss the issues as provided under 26 U.S.C. § 6330(b)(2). Again, under the low threshold of 26 U.S.C. § 6330(b), there is no requirement that a CDP hearing be specifically designated as such by the conducting officer so long as the taxpayers and IRS officers, *inter se*, do in fact address the issues on the merits during the communications. *See Stewart*, 2004 WL 838045, *1, U.S. Dist. LEXIS 6413, at *3 (where the court found that taxpayers were given their due process hearing even though the appeals officer stated that the meeting "was an informal meeting and was not the due process hearing").[4]

---

3. All taxpayers are corporations and were represented by counsel throughout the proceedings. All conversations between the IRS and counsel are imputed to the taxpayers.

4. Taxpayers cite to *Montijo v. U.S.*, 2002 WL 507573, 2002 U.S. Dist. LEXIS 9602 (D.Nev.

Feb. 22, 2002) (Hunt, J.) for support that "a telephonic and unscheduled conversation [does not] constitute[] a legal hearing under the statute." Plaintiffs' Cross–Motion for Summary Judgment at 13. *Montijo* is not on point. In *Montijo*, the court did not decide

The third element has also been fulfilled because Officer Stanton received verification from the Secretary that the requirements of applicable law and administrative procedures have been met. Government Exhibits 8A, 8B, and 8C of the Internal Revenue Service's Motion for Summary Judgment; Declaration of Paula Stanton at 6.

Finally, taxpayers' have stipulated that they do not dispute or challenge the underlying tax liability and therefore the forth element does not apply to this matter.

Given the facts of this case, the Court finds that all of the protections necessary under 26 U.S.C. § 6330(b) were afforded to taxpayers in this case and that taxpayers have failed to show that they were not given a fair hearing.

C. *The IRS did not abuse its discretion in sustaining the Notices of Determination to Levy Property against taxpayers.*

Taxpayers allege that Officer Stanton abused her discretion by upholding the Notice of Levy without considering taxpayers' offers-in-compromise on its merits and "capriciously failed to consider plaintiffs' alternative collection offer" based on the fact that the IRS did not receive taxpayers' principal's tax forms, which were provided in due course. Plaintiffs' Complaint at 5.

Under 26 U.S.C. § 7122, a challenge of the rejection of an offer-in-compromise is subject to administrative review. 26 U.S.C. § 7122(d). 26 U.S.C. § 7122(d) in pertinent part provides, "(1) for an independent administrative review of any rejection of a proposed offer-in-compromise or installment agreement made by a taxpayer under this section or section 6159 before such rejection is communicated to the taxpayer; and (2) which allow a taxpayer to appeal any rejection of such offer or agreement to the Internal Revenue Service Office of Appeals." 26 U.S.C. § 7122(d).

■ Additionally, limited judicial review under the abuse of discretion standard is available but only to the extent that the court may consider whether the IRS's decision was based on consideration of the relevant factors and whether there has been a clear error of judgment. *See Motor Vehicle Manufacturers Ass'n*, 463 U.S. at 43, 103 S.Ct. 2856. Hence, in this case the scope of the Court's review is limited to whether Officer Stanton abused her discretion when she issued the Notices of Levy.

In evaluating the merits of an offer-in-compromise, 26 U.S.C. § 6330(c)(3) requires an appeal officer to consider the following factors: (1) whether requirements and applicable law or administrative procedures are satisfied; (2) any issues relating to the unpaid tax or the proposed levy, such as collection alternatives; and (3) "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3). The Court will examine each factor in light of the facts of the case.

whether a CDP hearing was in fact provided to the plaintiff but rather decided that the admittedly erroneous Notice of Determination was not valid and denied the government's request to remand for continued administrative hearing because the government failed to provide points and authorities in support of its motion as required under the local rules.

In addition, taxpayers cite to *Field Service Advisory*, I.R.S. FSA 200009007, 2000 WL 1183364 (I.R.S. FSA, Mar 3, 2000). Pursuant to Section 6110(j)(3) of the IRC, the field service advisory memorandum may not be used or cited as precedent and therefore the Court will not address its discussions.

■ As to the first factor, Officer Stanton obtained the "required verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." *See* Declaration of Paula Stanton at 6. Taxpayers' have presented no evidence contrary.

As to the second factor, the administrative record establishes that taxpayers do not challenge their liability for the unpaid employment taxes. There is no evidence of and neither party has raised that the amounts of the offers-in-compromise are at issue here. Additionally, both parties have represented to the Court that numerous conversations took place, *inter se,* regarding taxpayers' offers-in-compromise. In particular, Officer Stanton communicated to taxpayers' counsel her request for certain financial information necessary to consider taxpayers' offers-in-compromise. It is not disputed that the financial information expected was not provided to Officer Stanton even four weeks past the deadline she provided to taxpayers' counsel, nor did taxpayers contact Officer Stanton regarding the requested financial information and seek an extension of the deadline. In fact, the financial information was not delivered until after this case was commenced with the Court.

The failure to comply, or to seek an extension for compliance, is fatal to the taxpayers' case. As a consequence of taxpayers' failure to provide the requested information, Officer Stanton was faced with incomplete offers-in-compromise and therefore was unable to consider the offers as an alternative to the levy. *See Olsen v. U.S.,* 2004 U.S. Dist. LEXIS 13193, at *14 (D.Mass. Jun. 16, 2004) (Lindsay, J.) (where the court concluded that the denial of a taxpayer's offer in compromise due to the taxpayer's failure to submit requested financial documents is not an abuse of discretion on the part of the appeals officer); *See Roman v. Comm'r of Internal Revenue Service,* 2004 WL 157817, 2004 Tax Ct. Memo LEXIS 20 (Jan. 28, 2004) (where the Tax Court found that without the requested information, the IRS is not able to determine if the taxpayer met the conditions necessary for compromise of tax liability; therefore the appeals officer did not abuse his discretion to reject the taxpayer's offer-in-compromise and make the determination to proceed with collection). Because of the deleterious effect it would have on the IRS's efforts to enforce the Revenue laws of the United States, taxpayers are not free to disregard administrative deadlines and, without cause, proceed at their own pace. Given these facts, the Court concludes that Officer Stanton sufficiently considered taxpayers alternative collection offers, with the information available to her.

As to the third factor, taxpayers have presented no evidence and do not raise the issue that Officer Stanton abused her discretion when she decided that the collection action proposed by the IRS appropriately balanced the competing concerns of "whether the proposed collection action balanced the need for the efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary." 26 U.S.C. section 6330(c)(3)(C).

Under these facts, the Court concludes that Officer Stanton considered all the factors necessary for an appropriate determination as provided for by 26 U.S.C. § 6630(c) and therefore did not abuse her discretion in sustaining the determination to levy properties against taxpayers.

III. CONCLUSION

For the foregoing reasons, the Court finds that taxpayers have failed to show that they were not provided a "fair hearing" and that Officer Stanton abused her discretion in issuing Notices of Determina-

tion to Levy; therefore, the IRS's motion for summary judgment is granted and taxpayers' cross-motion for summary judgment is denied.