T.C. Summary Opinion 2007-33


UNITED STATES TAX COURT


MARC PERKEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5619-04S.              Filed March 5, 2007.


Marc Perkel, pro se.

<u>Catherine G. Chang</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code as in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (Notice of Determination). Pursuant to sections 6320(c) and 6330(d), petitioner seeks review of respondent's filing of a Notice of Federal Tax Lien (NFTL) for his tax liability for 1998. This case is now before the Court on respondent's motion for summary judgment under Rule 121.

## Background

At the time the petition in this case was filed, petitioner resided in San Bruno, California.

Respondent issued to petitioner a Final Notice of Intent to Levy on June 18, 2002, for his 1998 tax liability. On June 20, 2002, respondent issued to petitioner a Notice of Federal Tax Lien Filing And Your Right To A Hearing Under IRC 6320 for 1997 and 1998. Petitioner's Form 12153, Request for a Collection Due Process Hearing, concerning 1998 was filed July 31, 2002, and was timely as to the filing of the NFTL but was not timely as to the proposed levy action.

Petitioner's hearing was conducted by way of written and oral communications between the Appeals officer and petitioner's representative. Although petitioner's representative submitted two versions of Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, to the Appeals officer, in April and October 2003, the representative never

submitted a Form 656, Offer In Compromise (OIC).  The Appeals officer notified petitioner and his representative that additional information was required for approval of an OIC, but petitioner and his representative continued to fail to provide it.

On March 9, 2004, respondent issued to petitioner both a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 (Decision Letter) with respect to the proposed levy, and the Notice Of Determination with respect to the NFTL, both of which upheld respondent's collection actions.

Petitioner filed his petition in this case as a result of the Appeals Office approval of respondent's collection actions. Attached to the petition is a copy of the Decision Letter and a copy of the Notice of Determination concerning 1998.  Petitioner objects to respondent's filing of the NFTL, in paragraph 4 of the petition, because he has proposed an "offer and compromise" as an alternative to the "levy".

On October 15, 2004, a Notice Setting Case For Trial was issued, and this case was set for trial in January of 2005.  On December 6, 2004, respondent filed a motion for continuance of trial.  Respondent alleged in the motion that petitioner had informed respondent on December 2, 2004, that petitioner had been unaware that his OIC was incomplete.  Respondent further alleged that petitioner had offered to file the necessary information for

an OIC to resolve his outstanding tax liabilities.  On the same date as his motion for continuance, respondent filed a motion for remand.  Both motions were granted by the Court.

Respondent's status report, filed March 7, 2005, reported that as of the date of the report, no OIC had been submitted to respondent.  Attached to the report is a copy of a letter from petitioner to respondent in which petitioner suggests that "it would be better to include the 2004 year in the offer" and asking:  "Can you give me some more time?".  Respondent's status report requested an additional 30 days to "settle" the case.  By Order dated April 8, 2005, the Court granted an additional 30 days for the parties to discuss settlement.  The Order also required the filing of a status report on or before April 29, 2005, specifically stating whether petitioner had yet submitted an OIC.

Petitioner sent to the Court a letter dated April 21, 2005, in which he stated that "I am still gathering information to finish my 2004 filings."  Respondent's status report received and filed May 4, 2005, reported:  (a) Petitioner's representative sent to the Appeals officer considering petitioner's case an electronic facsimile of Form 656 that did not include Form 433-A; (b) as of the date of the report, no signed original Form 656 had been submitted; and (c) no Federal income tax return for 2004 had been filed.  Respondent once again requested an additional 30

days in which to attempt to settle the case. The Court on May 5, 2005, granted respondent's request and ordered the parties to file status reports by May 31, 2005.

The Court on May 10, 2005, received petitioner's letter dated April 28, 2005, in which he stated: "On April 14th I was rushed to file a crudely and quickly assembled offer in compromise in which I offered $15,000 to settle the outstanding debt." According to petitioner's letter, he was still "in the process" of filing his Federal income tax return for 2004. Another letter was received by the Court from petitioner on May 24, 2005, in which he alleged that he had filed his 2004 income tax return, completed all the forms for his OIC, and had paid his filing fee for the OIC.

Prior to the Court's receipt of those letters, respondent issued on May 5, 2005, a Supplemental Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining respondent's collection action.

In respondent's status report to the Court dated May 31, 2005, respondent acknowledges receiving, on or about May 20, 2005, an OIC package from petitioner with supporting documentation and a $150 processing fee. Respondent's report requested guidance from the Court on how to proceed.

By Order dated June 2, 2005, the Court restored the case to the general docket for trial or other disposition. The case was

subsequently set for trial at the San Francisco, California, trial session beginning October 31, 2005. By Order dated October 25, 2005, however, the case was again continued subject to further direction of the Court.

In respondent's status report filed December 28, 2005, he represented that while petitioner's OIC package was "processable", it was incomplete; additional financial information would be requested. By Order dated January 3, 2006, the Court restored the case to the general docket.

Respondent's motion for summary judgment was filed on May 15, 2006. On May 22, 2006, petitioner filed what the Court styled as a motion for remand. Among the attachments to the motion is a letter from respondent to petitioner dated January 19, 2006, advising petitioner that his OIC is incomplete and advising petitioner of the items that he should submit. Also attached to petitioner's motion is a letter from petitioner to respondent dated March 29, 2006, in which petitioner apologized for his late response to respondent's letter of January 19, 2006.

By notice dated March 22, 2006, the case was again set for trial at the San Francisco trial session beginning June 12, 2006. By Court Order, petitioner's motion for remand and respondent's motion for summary judgment were set for hearing at the Trial Session scheduled for June 12, 2006.

At the hearing on June 12, 2006, respondent alleged that

petitioner had continued to fail to produce all the information needed to determine if petitioner is entitled to an OIC. In response, petitioner stated that he had "one more document to present". When queried by the Court as to what that might be, he replied: "It's my latest offer and compromise." Petitioner also argued that he is disputing the underlying tax because he disagrees with, apparently, the assessed accuracy-related penalty.

The Court denied petitioner's motion for remand, took respondent's motion under advisement, and allowed petitioner 30 days in which to submit a response to respondent's motion that would show the Court that there is a material issue for trial.

### Discussion

Respondent reasons that because the only issue that petitioner raised at the hearing under sections 6320 and 6330 was with respect to an alternative collection method, an OIC, the requirements for which were never fulfilled, respondent is entitled to a ruling in his favor as a matter of law.

Petitioner's argument now appears to be focused on disputing the underlying tax liability.

### Summary Judgment

The standard for granting a motion for summary judgment under Rule 121 is stated in paragraph (b) of the Rule as follows:

A decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *

The moving party has the burden of showing the absence of a genuine issue as to any material fact.  See Espinoza v. Commissioner, 78 T.C. 412, 416 (1982) (and cases cited therein).

The evidence of the nonmovant is to be considered in the light most favorable to him, and all justifiable inferences are to be drawn in his favor.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-159 (1970).  There is, however, no issue for trial unless there is sufficient evidence for the finder of fact to find in favor of the nonmoving party.  First Natl. Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-289 (1968).  The nonmovant's evidence must be more than merely colorable. Dombrowski v. Eastland, 387 U.S. 82, 84 (1967) (per curiam).  If the nonmovant's evidence is not significantly probative, summary judgment may be granted.  First Natl. Bank of Ariz. v. Cities Serv. Co., supra at 290.

Contesting Collection Action

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a person where there exists a failure to pay any tax liability after demand for payment.  The lien generally arises when the assessment is made. Sec. 6322.

Section 6320 entitles a person to notice of his right to request a hearing after a notice of lien is filed by the Commissioner in furtherance of the collection from the person of unpaid Federal taxes.  If one is requested, the administrative hearing is before the Appeals Office of the Internal Revenue Service.  Sec. 6330(b)(1).  The person requesting the hearing may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection.  Secs. 6320(b) and (c); 6330(c); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

Section 6330(c)(2)(B) provides that the existence or the amount of the underlying tax liability can be contested at an Appeals Office hearing if the person did not receive a notice of deficiency or did not otherwise have an earlier opportunity to dispute such tax liability.  Sego v. Commissioner, supra; Goza v. Commissioner, supra at 180-181.

Petitioner's Current Argument

The disagreement expressed by petitioner at the June 12, 2006, hearing, and in his subsequently filed response to respondent's motion, appears to concern the applicability of the accuracy-related penalty.  Because petitioner self-assessed his tax for the year at issue, no statutory notice of deficiency was

issued.  See sec. 6201(a)(1).  Petitioner therefore could have challenged the existence or amount of the underlying tax liability, including any penalty,[1] during the Appeals Office hearing.  Petitioner, however, did not do so, and he is accordingly precluded from challenging the underlying tax liability in this proceeding.  Sec. 301.6320-1(f)(2), Q&A-F5, Proced. & Admin. Regs.; see Miller v. Commissioner, 115 T.C. 582, 589 n.2 (2000), affd. 21 Fed. Appx. 160 (4th Cir. 2001); Magana v. Commissioner, 118 T.C. 488, 493-494 (2002); see also sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs.

Petitioner's Alternative to Collection

The only issue petitioner raised at the hearing and in his petition was his desire for respondent's acceptance of an OIC as an alternative to the "levy".  A petition for review of a collection action must clearly specify the errors alleged to have been committed in the notice of determination.  Rule 331(b)(4).  Any issues not raised in the assignments of error are deemed to be conceded by petitioner.  Rule 331(b)(4); see Goza v. Commissioner, supra at 183; see also Lunsford v. Commissioner, 117 T.C. 183, 185-186 (2001).

Under section 7122, the Secretary is authorized to compromise civil or criminal tax liabilities.  An offer to

---

[1]The assessed tax liability includes any additions to tax. Sec. 6201(a); sec. 301.6201-1(a), Proced. & Admin. Regs.

compromise a tax liability must be submitted according to the procedures and in the form and manner described by the Commissioner.  Sec. 301.7122-1(d)(1), Proced. & Admin. Regs.  The offer must contain all of the information prescribed or requested by the Commissioner.  Id.

It is notable that petitioner has not denied that he has failed to provide all the necessary information for consideration of his OIC and in fact offered to the Court at the June 12, 2006, hearing his "latest" OIC.  The Court finds that petitioner did not offer to Appeals an alternative means of collection.  See Chandler v. Commissioner, T.C. Memo. 2005-99; AllGlass Sys., Inc. v. Commissioner, 330 F. Supp. 2d 540, 547 (E.D. Pa. 2004).

In the absence of a valid issue for review, the Court concludes that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated March 9, 2004.  Respondent's determination to proceed with collection action was not an abuse of discretion.  The Court will grant respondent's motion for summary judgment.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

An appropriate order and decision will be entered.