Albert M. KUN, Esq., Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 04–76629.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Albert M. Kun, Esq., San Francisco, CA, pro se.

Lynne L. Glasser, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Richard Farber, Esq., John Schumann, Eileen J. O'Connor, Esq., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM **

Albert M. Kun appeals pro se from the Tax Court's decision for the Commissioner of Internal Revenue ("CIR") on Kun's petition challenging the notice of determination for tax years 1995 through 1999. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review decisions of the Tax Court under the same standard as civil bench trials in district court. *Milenbach v. Comm'r*, 318 F.3d 924, 930 (9th Cir. 2003). Accordingly, we review de novo a Tax Court's conclusions of law. *Boyd Gaming Corp. v. Comm'r*, 177 F.3d 1096, 1098 (9th Cir.1999). We review for abuse of discretion the decision to quash a subpoena, *Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792, 813 (9th Cir.2003), and to deny a continuance, *Dan Jac LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). We affirm.

■ The Tax Court properly sustained the deficiency determination based on Forms 4340 for the years in question. *See Hansen v. United States*, 7 F.3d 137, 138

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(9th Cir.1993) (per curiam) (holding that, in the absence of contrary evidence, a Form 4340 is probative evidence in and of itself that notices and assessments were properly made).

■ The Tax Court did not err in rejecting Kun's contentions that the appeals officer violated the applicable procedures in rejecting Kun's offer-in-compromise. *See* 26 U.S.C. § 7122 (establishing basic guidelines for officers to consider while determining whether an offer-in-compromise should be accepted).

■ The Tax Court did not abuse its discretion by quashing the subpoena for supervisor Medeiros, because Medeiros was not at Kun's collection due process hearing and so could not provide relevant testimony regarding the hearing. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 886 (9th Cir.2002); *see also Estate of Nail v. Comm'r*, 59 T.C. 187, 189, 1972 WL 2537 (1972) (quashing subpoena for lack of relevance). Nor did the Tax Court abuse its discretion by quashing the subpoena for appeals officer Wong, because Wong gave a detailed explanation for rejecting Kun's offer-in-compromise in the notice of determination. *See Konop*, 302 F.3d at 886.

■ Because Kun cannot show that he was prejudiced by Wong and Medeiros' absence at trial, there was no abuse of discretion in denying a continuance. *See Dan Jac LLC*, 263 F.3d at 961.

**AFFIRMED.**