T.C. Summary Opinion 2006-112


UNITED STATES TAX COURT



ROBERT CONDÉ DEL'GIUDICE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14713-05S.                Filed July 17, 2006.


Robert Condé del'Giudice, pro se.

Kim-Khanh Thi Nguyen, for respondent.



DEAN, Special Trial Judge:   This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986, as amended.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). Pursuant to sections 6320(c) and 6330(d), petitioner seeks review of respondent's determination to proceed with collection of his tax liability for 1999. The issue for decision is whether the Appeals officer abused his discretion in sustaining a proposed levy to collect petitioner's unpaid 1999 tax liability.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Buena Park, California.

Petitioner, a former software system engineer, is a teacher of mathematics and computer technology in the Los Angeles public school system. In April of 2002 he married his second wife. Petitioner did not pay Federal withholding taxes on his income for 1999. He did not file his Federal income tax return for 1999 until February 23, 2004.

On May 22, 2004, respondent issued to petitioner a notice of intent to levy regarding his unpaid tax liability for 1999. Petitioner filed a Form 12153, Request for a Collection Due Process Hearing, dated June 12, 2004, as to 1999, 2000, and 2001. Respondent had sent to petitioner a notice of Federal tax lien

filing (NFTLF) with respect to 1999 and 2001 on April 28, 2004. As petitioner's request for a hearing was not timely filed as to the NFTLF for 1999 and 2001, he received only an equivalent hearing on those issues. Petitioner has accumulated tax liabilities of more than $24,000 for 1999, 2000, 2001 and 2003. The record does not reflect any activity by respondent relative to 2003.

On the same date that petitioner filed his Form 12153, respondent received from petitioner a letter stating that he had submitted a Form 656, Offer-in-Compromise (OIC), on account of doubt as to collectibility, for 1999, 2000, and 2001. The OIC, received on January 12, 2004, was returned. Petitioner resubmitted his OIC along with a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, both dated May 29, 2004. Petitioner later supplemented his OIC with additional information attached to an "Amended/Revised" OIC signed and dated July 6, 2004. The amended/revised OIC included 2003 as well as 1999, 2000, and 2001. In November of 2004, petitioner sent to respondent a letter enclosing an "updated" Form 433-A with attachments.

All of petitioner's OICs requested a "Short-Term Deferred Payment Offer", which must be paid more than 90 days, but within 24 months, from acceptance. Petitioner offered to pay $2,500 on his outstanding tax liabilities in all three versions of his OIC.

The Appeals officer accepted, as presented on the "updated" Form 433-A, petitioner's total joint monthly income amount of $3,832. He accepted as necessary joint monthly "living expenses" the amounts claimed or substantiated by petitioner for "Food, Clothing and Miscellaneous, Housing and Utilities, Transportation, Health Care, Taxes, and Court Ordered Payments" to his former wife. The Appeals officer did not accept as necessary living expenses, unverified "other" expenses of $200, and he allowed only $160 of claimed credit card expenses of $200. The allowed monthly joint necessary living expenses amounted to $3,440, or $392 less than monthly income.

The Appeals officer reviewing the case informed petitioner that he was going to recommend that the levy action be sustained because petitioner was able to pay more toward his tax liabilities than he had offered. Petitioner was invited to submit a new OIC if his financial conditions were to change, and he was admonished to file with remittance a Federal income tax return for 2004, which at that time remained unfiled. The Appeals team manager, in a separate letter, informed petitioner that his OIC was rejected because "an amount larger than the OIC appears to be collectible. We do not have authority to accept an OIC in these circumstances."

## Discussion

### Offer-in-Compromise

Petitioner's only argument is that it was an abuse of discretion for respondent to decline to accept his OIC predicated on doubt as to collectibility.

Under section 7122, the Secretary is authorized to compromise civil or criminal tax liabilities. Doubt as to collectibility exists where the taxpayer's assets and income are less than the full amount of the tax liability. Sec. 301.7122-1(b)(2), Proced. & Admin. Regs. In determining ability to pay, taxpayers are allowed to retain sufficient funds to pay "basic living expenses" determined under the individual's facts and circumstances. Sec. 301.7122-1(c)(2), Proced & Admin. Regs. Guidelines published by the Secretary on national and local living expense standards are to be taken into account. Id.

Section 7122 provides for administrative but not judicial review of a rejection of a proposed OIC. Sec. 7122(d); sec. 301.7122-1(f)(5), Proced & Admin. Regs.; see also Olsen v. United States, 326 F. Supp. 2d 184, 188 (D. Mass. 2004), affd. 414 F.3d 144, 156-157 (1st Cir. 2005).

### Section 6330

Section 6330 generally provides that the Commissioner cannot proceed with collection by way of a levy until the taxpayer has been given notice and the opportunity for an administrative

review of the matter (in the form of an Appeals Office hearing), and, if dissatisfied, the person may obtain judicial review of the administrative determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing.  A taxpayer may raise any relevant issue pertaining to the unpaid tax or the proposed levy including collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection, such as an OIC.

Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra at 180-181.

Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the Appeals officer for abuse of discretion.  Sego v. Commissioner, supra at 609-610; Goza v. Commissioner, supra at 181-182.  As the underlying tax liability is not here in dispute, the Court reviews the determination for abuse of discretion.

Petitioner objects to the appropriateness of the proposed collection action. Questions about the appropriateness of the collection action include whether it is proper for the Commissioner to proceed with the collection action as determined in the notice of determination, and whether the type and/or method of collection chosen by the Commissioner is appropriate. See, e.g., Swanson v. Commissioner, 121 T.C. 111, 119 (2003) (challenge to appropriateness of collection reviewed for abuse of discretion).

In order for petitioner to prevail under the abuse of discretion standard, it is not enough for the Court to conclude that the Court would not have authorized collection; the Court must conclude that, in authorizing collection, the Appeals officer has exercised discretion arbitrarily, capriciously, or without sound basis in fact. Estate of Jung v. Commissioner, 101 T.C. 412, 452 (1993); accord Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988). It has been held that an agency can abuse its discretion by neglecting a significant relevant factor, by giving weight to an irrelevant factor, or by considering only the proper factors but nevertheless making a clear error in judging their weight. Henry v. INS, 74 F.3d 1, 4 (1st Cir. 1996).

Petitioner argues that he cannot pay any amount toward his tax liabilities greater than his OIC. The Appeals officer reviewed the financial information that petitioner submitted and

determined that the OIC was not appropriate on the basis of doubt as to collectibility because petitioner can pay more of his tax liability over the collection period. The Court, having reviewed as exhibits the financial information submitted to the Appeals officer, concludes that the Appeals officer could have reasonably determined that petitioner's OIC was insufficient. See <u>Kun v. Commissioner</u>, T.C. Memo. 2004-209, affd. 157 Fed. Appx. 971 (9th Cir. 2005); <u>Crisan v. Commissioner</u>, T.C. Memo. 2003-318.

## Conclusion

Respondent's determination to proceed with collection action was not an abuse of discretion.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.