T.C. Memo. 2008-192



UNITED STATES TAX COURT



ALBERT M. KUN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 11988-06L.                    Filed August 12, 2008.



        P filed a petition for review pursuant to sec.
6320, I.R.C., in response to a determination by R that
lien action was appropriate.

        <u>Held</u>: R's determination to proceed with collection
is sustained.



Albert M. Kun, pro se.

<u>Margaret Burow</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for review of a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).[1]  The issue for decision is whether respondent may proceed with collection, in the form of a filed tax lien, for the total amount of petitioner's Federal income tax liabilities for 1994, 2000, 2001, 2002, and 2003.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.

Petitioner, a self-employed attorney, filed Federal income tax returns for 1994, 2000, 2001, 2002, and 2003.  For each of those years petitioner reported a tax liability, which was assessed, but has not paid any of the tax due.

On February 4, 2005, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320 for 1994, 2000, 2001, 2002, and 2003.  Petitioner was informed that the notice of Federal tax lien had been filed a day earlier, on February 3, 2005.  On February 25, 2005, petitioner filed a Form 12153, Request for a Collection Due Process Hearing,

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended.

with respect to those 5 taxable years. As the basis for his disagreement, he stated "STATUTE OF LIMITATIONS, WAIVER AND ESTOPPEL."

Petitioner and respondent's settlement officer participated in an in-person Appeals hearing on May 17, 2005. That same day petitioner submitted an offer-in-compromise of $1,000 on the basis of doubt as to liability and doubt as to collectibility. Petitioner's offer-in-compromise covered his Federal income tax liabilities for 1991 through 2004. As of the date the lien at issue was filed, for the 5 taxable years at issue in this case alone, petitioner's income tax liabilities exceeded $66,000. As to those tax liabilities, petitioner, in his offer-in-compromise, asserted only that "I DO NOT OWE THE TAX FOR THE YEAR 1994 BECAUSE THE STATUTE OF LIMITATIONS HAS RUN."

Petitioner also provided a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, indicating that he was an unmarried, self-employed attorney with total monthly income of $2,999 and total monthly living expenses of $3,206.

The settlement officer informed petitioner that the offer-in-compromise could not be considered at that time because some of the years petitioner listed in the offer were still pending before the Court of Appeals for the Ninth Circuit. On November 16, 2005, the Court of Appeals issued a decision affirming this

Court's decision in Kun v. Commissioner, T.C. Memo. 2004-209, in which this Court had sustained respondent's determination that a notice of Federal tax lien filing was an appropriate enforcement action with respect to petitioner's 1995, 1996, 1997, 1998, and 1999 Federal income tax liabilities.[2]  Kun v. Commissioner, 157 Fed. Appx. 971 (9th Cir. 2005).

On June 8, 2006, respondent's Appeals Office sent petitioner the aforementioned notice of determination.[3]  Therein, the Appeals Office determined that all legal and procedural requirements for filing the notice of Federal tax lien had been met.  The Appeals Office rejected petitioner's $1,000 offer-in-compromise because his reasonable collection potential was believed, on the basis of his financial statement and supporting documentation, to be $10,652.[4]  The Appeals Office further noted

[2]Petitioner filed a motion to vacate or revise the decision entered by the Court in accordance with that Memorandum Opinion. The Court denied that motion in a Supplemental Memorandum Opinion.  See Kun v. Commissioner, T.C. Memo. 2004-273.  Therein, the Court noted that petitioner was merely repeating his argument "that respondent did not timely assess the liabilities in question." Id.  The Court then concluded that "Petitioner failed to present any evidence at trial in support of his contention that his 1995-99 income tax liabilities were not timely assessed, and that failure also infects his motion."  Id.

[3]By that time, the Court of Appeals for the Ninth Circuit's decision had become final.

[4]The $10,652 was petitioner's "Net Realizable Equity in assets".  The Appeals Office calculated that number by first adding together the fair market value of petitioner's assets, which included, among other things, a checking account and a car.
(continued...)

that petitioner was not in compliance with the filing and payment requirements with respect to his 2005 taxable year.[5]

On June 23, 2006, petitioner filed a timely petition with the Court contesting the notice of determination. At the time the petition was filed, petitioner resided in California. A trial was held on May 15, 2007, in San Francisco, California.

OPINION

## I. Collection Action

### A. Statute of Limitations

There is a 10-year limitations period for collection that commences upon the assessment of the tax. Sec. 6502(a)(1). If a hearing is requested under section 6320(a)(3)(B) or 6330(a)(3)(B), the collection action(s) that are the subject(s) of the requested hearing and the running of any period of limitations under section 6502 are suspended for the period

---

[4](...continued)
The Appeals Office then reduced the value of the noncash assets by 20 percent to determine the "Quick Sale Value" and then further reduced the value of petitioner's encumbered or exempt assets by the amount of the encumbrances or exempt amount.

[5]Pursuant to the Internal Revenue Manual (IRM), an offer-in-compromise "will be deemed not processable" if "All tax returns for which the taxpayer has a filing requirement" are not filed. 1 Administration IRM (CCH), pt. 5.8.3.4.1(1), at 16,276 (Sept. 1, 2005). As of June 8, 2006, petitioner had not filed a 2005 Federal income tax return or an extension request. Nor had he made estimated tax payments or had any tax withheld for that year.

during which the hearing and appeals thereof are pending. See secs. 6320(c), 6330(e)(1).

Petitioner alleges in his petition that "respondent is attempting to collect taxes for years in which the statute of limitations has clearly run." Petitioner is incorrect.

A Federal income tax deficiency and additions to tax were assessed for each of the 5 tax years now at issue. The first such assessment was for 1994 and was made on September 11, 1995. Respondent filed the notice of Federal tax lien with respect to the 5 taxable years now at issue, which included 1994, on February 3, 2005, within the 10-year limitations period for collection. In addition, on February 25, 2005, petitioner requested a hearing with respect to his 1994, 2000, 2001, 2002, and 2003 tax years. That request suspended (and continues to suspend) the period of limitations on collection for 1994 and the other tax years at issue. Respondent therefore is not time barred from taking collection action with respect to 1994 (and the other 4 years at issue).

Petitioner's entire statute-of-limitations argument focuses on whether the limitations period was also tolled by an offer-in-compromise that he submitted on April 22, 2002, which he contends was for 1995 and 1996, not 1994.[6] That entire issue is a red

_____

[6]This is in response to a statement by the settlement officer and an argument by respondent that the limitations period

(continued...)

herring because, as explained above, the limitations period for collection action as to 1994 remains open whether or not that limitations period was tolled by petitioner's April 2002 offer-in-compromise.

### B. General Rules Regarding an Appeals Hearing

If a taxpayer liable to pay taxes fails to do so after demand for payment, the tax liability becomes a lien in favor of the United States against all of the taxpayer's real and personal property and rights to such property.  Sec. 6321.  The lien arises at the time the assessment is made and continues until the liability is satisfied or becomes unenforceable by reason of lapse of time.  Sec. 6322.  The Secretary is obliged to notify the taxpayer within 5 business days that a notice of a Federal tax lien has been filed and that administrative appeals are available to the taxpayer.  Sec. 6320(a).  Upon timely request a taxpayer is entitled to a hearing before the Internal Revenue Service Office of Appeals regarding the propriety of the filing of the lien.  Sec. 6320(b).  This hearing is conducted in accordance with the procedural requirements of section 6330.  Sec. 6320(c).

---

[6](...continued)
for collection with respect to 1994 was tolled under sec. 6331(k) and (i)(5) from April 2002 until 90 days after the Court of Appeals for the Ninth Circuit's November 2005 decision.

The taxpayer is entitled to appeal the determination of the Appeals Office, made on or before October 16, 2006, to the Tax Court or a U.S. District Court, depending on the type of tax at issue. Sec. 6330(d).[7] Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews any other administrative determination for an abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182. An abuse of discretion has occurred if the "Commissioner exercised * * * [his] discretion arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Aside from his statute of limitations argument, petitioner raises no argument as to the underlying tax liabilities for the 5 taxable years at issue. See Boyd v. Commissioner, 117 T.C. 127, 130 (2001) (noting that an argument that the limitations period on collection has run is a challenge to the underlying tax liability that we review de novo). The only issue left to be addressed is the rejection of petitioner's offer-in-compromise.

---

[7]Determinations made after Oct. 16, 2006, are appealable only to the Tax Court. See Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019.

C.  Petitioner's Offer-in-Compromise

Among the issues that may be raised at the Appeals Office and are reviewed for an abuse of discretion are "offers of collection alternatives" such as an offer-in-compromise.  Sec. 6330(c)(2)(A)(iii).  The Court reviews the Appeals officer's rejection of an offer-in-compromise to decide whether the rejection was arbitrary, capricious, or without sound basis in fact or law and therefore an abuse of discretion.  Murphy v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, supra at 23.

Section 7122(a) authorizes the Secretary to compromise any civil case arising under the internal revenue laws.  In general, the decision to accept or reject an offer, as well as the terms and conditions agreed to, are left to the discretion of the Secretary.  Sec. 301.7122-1(c)(1), Proced. & Admin. Regs.  However, regulations promulgated under section 7122 provide that "No offer to compromise may be rejected solely on the basis of the amount of the offer without evaluating that offer under the provisions" of the regulations "and the Secretary's policies and procedures regarding the compromise of cases."  Sec. 301.7122-1(f)(3), Proced. & Admin. Regs.

The grounds for compromise of a tax liability are doubt as to liability, doubt as to collectibility, and promotion of effective tax administration.  Sec. 301.7122-1(b), Proced. &

Admin. Regs.  Petitioner based his offer-in-compromise on doubt as to collectibility, which "exists in any case where the taxpayer's assets and income are less than the full amount of the liability."[8]  Sec. 301.7122-1(b)(2), Proced. & Admin. Regs.  In determining the taxpayer's ability to pay, the individual facts and circumstances of the taxpayer's case are considered and the taxpayer is permitted "to retain sufficient funds to pay basic living expenses."  Sec. 301.7122-1(c)(2), Proced. & Admin. Regs.

Petitioner contends that it was an abuse of discretion for respondent's settlement officer to reject his offer-in-compromise without considering "the Bankruptcy Exemption", apparently a California statute that allegedly exempts from creditors certain property belonging to a debtor in bankruptcy.[9]  Respondent asserts that because petitioner raised the issue of a potential bankruptcy filing for the first time at trial, the issue is not relevant as to whether respondent's settlement officer abused his discretion.  As to the merits of petitioner's argument, respondent asserts that any State law exemption is not effective against a Federal tax lien and that, in any event, because the

---

[8]In the interest of completeness, petitioner also based his offer-in-compromise on doubt as to liability with respect to the 1994 taxable year on the basis that the applicable limitations period on collections had run with respect to that taxable year. We have already addressed that issue.

[9]The statute referred to by petitioner is Cal. Civ. Proc. Code sec. 703.140(b)(1) (West Supp. 2008).

notice of Federal tax lien was filed before petitioner would have filed a bankruptcy petition, the Federal tax lien would continue to attach to any exempt property.

In reviewing the Commissioner's decision to reject an offer-in-compromise for abuse of discretion, we cannot consider issues that were not raised before the Commissioner's Appeals Office. See Giamelli v. Commissioner, 129 T.C. 107, 115 (2007) ("We hold today that we do not have authority to consider section 6330(c)(2) issues that were not raised before the Appeals Office"); Magana v. Commissioner, 118 T.C. 488, 493 (2002) ("in our review for an abuse of discretion under section 6330(d)(1) of respondent's determination, generally we consider only arguments, issues, and other [matters] that were raised at the collection hearing or otherwise brought to the attention of the Appeals Office"); sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs.

There is nothing in the record reflecting that petitioner raised the issue of a potential bankruptcy filing before the Appeals Office, nor does petitioner assert, at least in a comprehensible manner, to the contrary.[10] Moreover, respondent is correct that the notice of Federal tax lien filed in February

_____

[10]In his reply brief petitioner appears to point to respondent's brief, or some other document, in what might constitute an effort to demonstrate that petitioner raised the bankruptcy issue before the Appeals Office. We remain unpersuaded that petitioner raised the issue before the Appeals Office.

2005 would survive a subsequent bankruptcy filing by petitioner, regardless of any California statute. See 11 U.S.C. sec. 522(c)(2)(B) (2006) (providing that exempt property remains subject to a properly filed tax lien even though the underlying tax claim may have been discharged); Iannone v. Commissioner, 122 T.C. 287, 293 (2004) ("Federal tax liens are not extinguished by personal discharge in bankruptcy.").

Because the settlement officer based his decision on an analysis of financial information provided by petitioner indicating a reasonable collection potential in excess of $1,000, see supra p. 4, and on the fact that petitioner was not in compliance with Federal income tax laws, see supra note 5, respondent's settlement officer did not abuse his discretion in rejecting petitioner's offer-in-compromise. We shall therefore sustain respondent's determination to proceed with collection by lien.

## II. Section 6673(a)(1) Penalty

Although respondent does not ask the Court to impose a penalty upon petitioner under section 6673(a)(1), the Court may impose such a penalty sua sponte. See Pierson v. Commissioner, 115 T.C. 576, 581 (2000).

Petitioner is an attorney with a longstanding habit of failing to pay Federal income tax. As an attorney, he knew or should have known that he was instituting this case primarily for

delay.  Indeed, both of his arguments--the argument regarding the statute of limitations and the argument regarding bankruptcy--are clearly groundless in light of the relevant statutes and this Court's caselaw.  His dilatory tactics are further evidenced by the fact that he raised an unsupported statute-of-limitations argument in his prior Tax Court case.  See supra note 2.  Because we are convinced that petitioner instituted this case primarily in order to delay collection, we shall impose upon petitioner a $1,500 penalty pursuant to section 6673(a)(1).

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

An appropriate order and decision will be entered.